1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT J. BARDO,

11            Plaintiff,                    No. CIV S-09-3479 FCD EFB P

12       vs.

13   M. MARTEL, et al.,

14       Defendants.                   <u>ORDER</u>

15   _____/

16       Robert J. Bardo, an inmate confined at Mule Creek State Prison, filed this pro se civil

17   rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an

18   application to proceed in forma pauperis.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I.      Request to Proceed In Forma Pauperis**

21       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 2.  His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

**II.      Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims against defendants Lockhart, Butcher, and Ramos.  For the reasons stated below, the allegations against Green, Chamberlin, Knipp, Martel, Pimental, McCloughan, Machado, Long, Porter, Clendenin, Lackner, Garcia, Chambers, Kaplan, Vanni, Wilson, Phillips, Reyes, Hutchins, Batchelor, Purviance, Luck, Islas, Dobler, Woolbright, Stewart, Thomas and Bueno, are dismissed.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff alleges that on February 24, 2009, defendants Lockhart, Butcher, and Ramos searched plaintiff's cell in retaliation for a federal civil rights lawsuit filed by plaintiff. Plaintiff alleges that these defendants confiscated photographs of the late actress Rebecca Schaeffer, a pair of headphones, and T.V. Guide magazines. Exhibit A to plaintiff's complaint indicates that the photographs were confiscated because Ms. Schaeffer was plaintiff's murder victim. Plaintiff is currently serving a life sentence for that crime. Compl., Ex. A. Prison officials confiscated the photographs on the ground that allowing plaintiff to possess them would be contrary to the rehabilitative process and would not be in the interest of public safety or institutional safety. Liberally construed, these allegations may state cognizable claims against these defendants.

Plaintiff also alleges defendants Green, Chamberlin, Knipp, Martel, Pimental, McCloughan, Machado, Long, Porter, Clendenin, Lackner, Garcia, Chambers, Kaplan, Vanni, Wilson, Phillips, Reyes, Hutchins and Batchelor violated his constitutional rights in processing/denying plaintiff's various administrative appeals. Plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a

1    liberty interest in the processing of his appeals does not violate due process because prisoners

2    lack a separate constitutional entitlement to a specific prison grievance system).  Claims against

3    these defendants are therefore dismissed.

4         Plaintiff alleges that on February 23, 2007, defendants Purviance and Luck confiscated

5    unspecified non-contraband items from plaintiff's cell and refused to give plaintiff a chance to

6    send items home as allowed by CDCR policy.  Plaintiff also alleges that on July 27, 2007, he had

7    to send home three boxes of property in order to comply with Article 43 of the Department

8    Operations Manual, section 54030, which limits an inmate's property to six cubic feet.  Plaintiff

9    alleges that defendants Islas, Dobler and Woolbright threw out plaintiff's non-contraband

10   property, including, internet printouts of celebrities, Smooth Magazine, and a Beatles cassette

11   tape, instead of mailing it home with the other three boxes.

12        The Due Process Clause protects prisoners from being deprived of property without due

13   process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected

14   interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The

15   United States Supreme Court has held that "an unauthorized intentional deprivation of property

16   by a state employee does not constitute a violation of the procedural requirements of the Due

17   Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

18   loss is available."[1]  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides

19   a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

20   actionable violations of the Due Process Clause.  An authorized deprivation is one carried out

21   pursuant to established state procedures, regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d

22   1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th

23   Cir. 1987).  Plaintiff's allegations against defendants Purviance, Luck, Islas, Dobler and

24   Woolbright are not actionable.  Plaintiff alleges these defendants confiscated property in an

25   _____

26        [1] California provides an adequate postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d
     813, 816-17 (9th Cir. 1994) (per curiam).

4

intentional and unauthorized manner.  Unauthorized deprivations of property cannot reasonably be anticipated and prevented by pre-deprivation process.  Thus, these claims are not cognizable because the state of California provides adequate post-deprivation remedies that plaintiff can pursue.

Plaintiff alleges that on September 19, 2007, defendant Stewart confiscated a Jimi Hendrix sticker from plaintiff's incoming mail on the ground that it posed a security or safety concern and that on March 3, 2009, defendant Thomas denied plaintiff cardstock, pursuant to institution regulations.  Finally, plaintiff alleges that defendant Bueno threatened to put plaintiff in administrative segregation after plaintiff reported to her that two inmates were harassing him.  Plaintiff claims that Bueno used plaintiff's complaint against him, and also failed to protect him.  These remaining allegations must be dismissed as unrelated to the claims against defendants Lockhart, Butcher, and Ramos.  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Claims against defendants Stewart, Thomas and Bueno are therefore dismissed.

////

1    Plaintiff may proceed forthwith to serve defendants Lockhart, Butcher, and Ramos and

2   pursue his claims against only those defendants or he may delay serving any defendant and

3   attempt to state a cognizable claim against additional defendants.

4    If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

5   additional defendants he has 30 days so to do.  He is not obligated to amend his complaint.

6   However, if plaintiff elects to proceed forthwith against defendants Lockhart, Butcher, and

7   Ramos, against whom he has stated a potentially cognizable claim for relief, then within 30 days

8   he must return materials for service of process enclosed herewith.  In this event the court will

9   construe plaintiff's election as consent to dismissal of all claims against defendants Green,

10   Chamberlin, Knipp, Martel, Pimental, McCloughan, Machado, Long, Porter, Clendenin,

11   Lackner, Garcia, Chambers, Kaplan, Vanni, Wilson, Phillips, Reyes, Hutchins, Batchelor,

12   Purviance, Luck, Islas, Dobler, Woolbright, Stewart, Thomas and Bueno, without prejudice.

13    Any amended complaint must adhere to the following requirements:

14    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

15   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

16   complaint, the original pleading is superseded.

17    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

18   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

19   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21   *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

22   he does an act, participates in another's act or omits to perform an act he is legally required to do

23   that causes the alleged deprivation).

24    It must contain a caption including the name of the court and the names of all parties.

25   Fed. R. Civ. P. 10(a).

26   ////

1   As stated above, plaintiff may join multiple claims if they are all against a single

2   defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

3   transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

4   10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

5   P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

6   Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended

7   complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

8    The allegations must be short and plain, simple and direct and describe the relief plaintiff

9   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

10  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

11  including many defendants with unexplained, tenuous or implausible connection to the alleged

12  constitutional injury or joining a series of unrelated claims against many defendants very likely

13  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

14  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

15  these instructions.

16  Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

17  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

18  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

19  repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20  A prisoner may bring no § 1983 action until he has exhausted such administrative

21  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

22  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

23  claims are warranted by existing law, including the law that he exhaust administrative remedies,

24  and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims

25  against defendants Lockhart, Butcher, and Ramos.

26  ////

1   Accordingly, the court hereby orders that:

2   1.  Plaintiff's request to proceed in forma pauperis is granted.

3   2.  Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall

4   be collected and paid in accordance with the notice to the Director of the California Department

5   of Corrections and Rehabilitation filed concurrently herewith.

6   3.  Claims against defendants Green, Chamberlin, Knipp, Martel, Pimental,

7   McCloughan, Machado, Long, Porter, Clendenin, Lackner, Garcia, Chambers, Kaplan, Vanni,

8   Wilson, Phillips, Reyes, Hutchins, Batchelor, Purviance, Luck, Islas, Dobler, Woolbright,

9   Stewart, Thomas and Bueno are dismissed with leave to amend.  Within 30 days of service of

10  this order, plaintiff may amend his complaint to attempt to state cognizable claims against these

11  defendants, in accordance with this order.  Plaintiff is not obligated to amend his complaint.

12  4.  The allegations in the pleading are sufficient at least to state potentially cognizable

13  claims against defendants Lockhart, Butcher, and Ramos.  *See* 28 U.S.C. § 1915A.  With this

14  order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint

15  filed December 16, 2009, three USM-285 forms and instructions for service of process on

16  defendants Lockhart, Butcher, and Ramos.  Within 30 days of service of this order plaintiff may

17  return the attached Notice of Submission of Documents with the completed summons, the

18  completed USM-285 forms, and four copies of the December 16, 2009 complaint.  The court will

19  transmit them to the United States Marshal for service of process pursuant to Rule 4 of the

20  Federal Rules of Civil Procedure.  Defendants Lockhart, Butcher, and Ramos will be required to

21  respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules

22  of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith

23  as consent to an order dismissing his defective claims against defendants Green, Chamberlin,

24  Knipp, Martel, Pimental, McCloughan, Machado, Long, Porter, Clendenin, Lackner, Garcia,

25  Chambers, Kaplan, Vanni, Wilson, Phillips, Reyes, Hutchins, Batchelor, Purviance, Luck, Islas,

26  Dobler, Woolbright, Stewart, Thomas and Bueno without prejudice.

8

1      5.  Failure to comply with this order will result in a recommendation that this action be

2 dismissed.

3 Dated:   September 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6    ROBERT J. BARDO,

7              Plaintiff,                    No. CIV S-09-3479 FCD EFB P

8         vs.

9    M. MARTEL, et al.,

10             Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

11   _____/

12        In accordance with the court's order filed _____, plaintiff hereby

13   elects to:

14        (1)  _____   consent to the dismissal of defendants Green, Chamberlin, Knipp, Martel,

15   Pimental, McCloughan, Machado, Long, Porter, Clendenin, Lackner, Garcia, Chambers, Kaplan,

16   Vanni, Wilson, Phillips, Reyes, Hutchins, Batchelor, Purviance, Luck, Islas, Dobler, Woolbright,

17   Stewart, Thomas and Bueno without prejudice, and submits the following documents:

18              __1__          completed summons form

19              __3__          completed forms USM-285

20              __4__          copies of the December 16, 2009 Complaint

21        **<u>OR</u>**

22        (2)  _____   delay serving any defendant and files an amended complaint in an attempt

23   to state cognizable claims against additional defendants.

24   Dated:

25

26                              _____
                                          Plaintiff

                                         10