IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

        Plaintiff,                            No. CIV S-09-3479 FCD EFB P

    vs.

M. MARTEL, et al.,
                                          ORDER AND
        Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He requests a temporary restraining order to prevent him from being transferred from his current institution, Mule Creek State Prison, to Ironwood State Prison. Dckt. No. 24. Plaintiff states he is currently under an obligation to respond to defendants' discovery requests, and that if transferred, he will not be able to provide responses in a timely fashion. Plaintiff also seeks a 30 day extension of time to serve his responses to defendants' discovery requests. Dckt. No. 26. Defendants oppose plaintiff's request for a temporary restraining order, but have no objection to plaintiff's request for an additional period of time to serve discovery responses. Dckt. No. 25. As explained below, the court grants plaintiff's request for an extension of time and recommends that plaintiff's request for a temporary restraining order be denied as moot.

////

1      "The standards for granting a temporary restraining order and a preliminary injunction
2  are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997);
3  *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)
4  (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis
5  of a temporary restraining order). A preliminary injunction will not issue unless necessary to
6  prevent threatened injury that would impair the court's ability to grant effective relief in a
7  pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.
8  1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction
9  represents the exercise of a far reaching power not to be indulged except in a case clearly
10 warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to
11 be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed
12 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
13 the balance of equities tips in his favor, and that an injunction is in the public interest."
14 *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res.*
15 *Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that
16 the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements
17 of the preliminary injunction test, so that a stronger showing of one element may offset a weaker
18 showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v.*
19 *Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the
20 merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an
21 injunction, assuming the other two elements of the *Winter* test are also met." *Id.*  In cases
22 brought by prisoners involving conditions of confinement, any preliminary injunction "must be
23 narrowly drawn, extend no further than necessary to correct the harm the court finds requires
24 preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C.
25 § 3626(a)(2).
26 ///

1  Here, plaintiff alleges he will be injured if he is transferred to Ironwood because he will
2  be unable to timely serve his responses to defendants' discovery requests. In opposition,
3  defendants Lockhart and Butcher correctly note that the discovery deadline in this action is May
4  13, 2011. They add that plaintiff's responses to their written discovery were due on February 24,
5  2011, and that they do not object to allowing plaintiff additional time to complete and serve his
6  responses.

7  Good cause appearing, the court ORDERS that plaintiff' February 23, 2011 request for a
8  30 day extension of time to provide defendants with his discovery responses is GRANTED and
9  plaintiff has 30 days from the date of this order to serve such responses. As plaintiff's alleged
10 injury in the absence of injunctive relief – that his discovery responses will be late – no longer
11 exists, the court RECOMMENDS that plaintiff's request for a temporary restraining order be
12 denied as moot.

13 These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
18 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
19 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20 Dated: March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3