IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BARDO,

      Plaintiff,                      No. CIV S-09-3479 FCD EFB P

     vs.

M. MARTEL, et al.,

                                  ORDER AND
      Defendants.          FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff requests permission from the court to file a motion for summary judgment. Dckt. No. 34. Plaintiff also requests a preliminary injunction. Dckt. No. 35. For the reasons explained below, the court will deny plaintiff's request for permission to file a motion for summary judgment as unnecessary, and will recommend that plaintiff's request for a preliminary injunction be denied.

**I.     Plaintiff's Request for Permission to File Summary Judgment Motion**

      Plaintiff seeks leave of court to file a motion for summary judgment. Plaintiff's request must be denied as unnecessary, as the January 25, 2011 discovery and scheduling order provides that the parties may file motions for summary judgment on or before August 5, 2011. Dckt. No. 23.

**II.     Plaintiff's Motion for A Preliminary Injunction**

Plaintiff seeks to enjoin Ironwood State Prison officials from enforcing an unwritten rule barring legal materials from the Ironwood State Prison A-yard kitchen, where plaintiff works as a line server. Dckt. No. 35. Plaintiff states that the first few hours of his shift involve little to no work, and he would like to spend that time working to meet his legal deadlines, especially when he is denied access to the law library in the mornings. *Id.* Defendants oppose plaintiff's motion. Dckt. No. 36.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff's motion for a preliminary injunction should be denied because plaintiff has shown no likelihood of irreparable harm in the absence of the requested injunctive relief.

Moreover, prison officials at Ironwood State Prison, where plaintiff is presently located, are not a parties to this lawsuit. The court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 16, 2011 request for leave to file a motion for summary judgment is denied as unnecessary.

Further, IT IS HEREBY RECOMMENDED that plaintiff's June 16, 2011 motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE